A-428-844<br>
Remand<br>
Slip. Op. 19-87<br>
**Proprietary Document**<br>
E&C/OII:  EE

**Final Results of Redetermination Pursuant to Court Remand**
**Certain Carbon and Alloy Steel Cut-to-Length Plate from Germany**
*AG Der Dillinger Huttenwerke, v. United States*
**Court No. 17-00158, Slip. Op. 19-87 (CIT July 16, 2019)**

**Summary**

The Department of Commerce (Commerce) has prepared these final results of redetermination pursuant to the remand order of the U.S. Court of International Trade (the Court) in *AG Der Dillinger Huttenwerke, v. United States*, Court No. 17-00158, Slip. Op. 19-87 (July 16, 2019) (*Dillinger Germany*) and the Court's subsequent remand order dated September 6, 2019 (Sept. 6, 2019 Order).  This action arises out of the final determination in the less-than-fair-value (LTFV) investigation of *Certain Carbon and Alloy Steel Cut-to-Length Plate from the Federal Republic of Germany:  Final Determination of Sales at Less Than Fair Value*, 82 FR 16360 (April 4, 2017) (*Final Determination*); *see also Certain Carbon and Alloy Steel Cut-to-Length Plate from Austria, Belgium, France, the Federal Republic of Germany, Italy, Japan, the Republic of Korea, and Taiwan:  Amended Final Affirmative Antidumping Determinations for France, the Federal Republic of Germany, the Republic of Korea and Taiwan, and Antidumping Duty Orders*, 82 FR 24096 (May 25, 2017) (*Amended Final Determination*).  The sole issue remanded by the Court at this time is the application of partial adverse facts available (AFA) pursuant to section 776 of the Tariff Act of 1930, as amended (the Act) to certain downstream home market sales reported by the mandatory respondents in the LTFV investigation:  AG Der Dillinger Hüttenwerke (Dillinger); and Ilsenburger Grobblech GmbH, Salzgitter Mannesmann

Grobblech GmbH, Salzgitter Flachstahl GmbH, and Salzgitter Mannesmann International GmbH (collectively, Salzgitter).

On July 16, 2019, the Court upheld Commerce's application of partial AFA, but instructed Commerce to recalculate the margins from the LTFV investigation for Dillinger and Salzgitter. Specifically, the Court instructed Commerce to determine whether the same adjustment regarding the application of partial AFA made in *Dillinger France*[1] would materially affect the margins for Dillinger and Salzgitter, and to notify the Court of the results.[2] Further, the Court held that if the adjustment would materially affect the margins, the Court would then issue a remand order directing Commerce to make the adjustment, and include any change to the all others rate.[3] In response to these instructions, on August 7, 2019, Commerce applied the same partial AFA methodology at issue in *Dillinger France*, *i.e.*, Commerce: (1) continued to treat all unidentified manufacturer sales as produced by the respondent, and (2) relied on the reported sales prices. Commerce reported to the Court that, based on its recalculations, the margin for Dillinger was not materially affected, while the margin for Salzgitter was materially affected. As a result, on September 6, 2019, the Court instructed Commerce to recalculate the margin for Salzgitter.[4]

On September 16, 2019, Commerce released the draft results of redetermination recalculating Salzgitter's margin to all interested parties, and invited parties to comment. On September 25, 2019, we received comments from Nucor Corporation (Nucor), Salzgitter, and Friedr. Lohmann GmbH/thyssenkrupp Steel Europe AG (Lohmann/thyssenkrupp). Salzgitter did

---

[1] *See Dillinger France S.A., v. United States*, Slip Op. 18-150 (CIT 2018) *(Dillinger France); see also* Final Results of Redetermination Pursuant to Court Remand, Certain Carbon and Alloy Steel Cut-to-Length Plate from France, Dillinger France S.A. v. United States, Court No. 17-00159, Slip Op. 18-150 (CIT October 31, 2018), dated March 11, 2019.
[2] *See Dillinger Germany* at 17-18.
[3] *Id.* at 18 and n.3.
[4] *See* Sept. 6, 2019 Order.

not object to Commerce's draft results of redetermination. Nucor's and Lohmann/thyssenkrupp's comments are summarized below.

**Interested Party Comments**

*Nucor's Comments*

- There are critical distinctions between this proceeding and *Dillinger France*. In *Dillinger France*, Commerce explained that there were only a small number of affected transactions and the adjustment to the application of AFA there had no impact on Dillinger France's margin.[5]
- In this case, a substantial number of sales are affected, and the modification removes Salzgitter from the order. These factual distinctions justify a different approach here than in *Dillinger France*.
- The Court did not dispute Commerce's application of AFA in the *Final Determination*. However, Commerce's draft remand determination not only fails to fulfill the purpose of AFA to provide respondents with an incentive to cooperate with Commerce in unfair trade proceedings, but also fails to apply AFA for Salzgitter's refusal to cooperate to the best of its ability in the less-than-fair-value (LTFV) investigation.[6]
- The results in the draft remand, which result in a zero margin and thus Salzgitter's exclusion from the antidumping duty order, do not provide any deterrent effect and permit Salzgitter to avoid the consequences for its non-cooperation. This result would undermine Commerce's ability to induce parties' compliance in future proceedings.
- Commerce must, therefore, defend its application of AFA in the *Final Determination* by issuing its final remand determination under protest and include a full explanation why the Court's approach is not consistent with the law or facts.

*Lohmann/thyssenkrupp's Comments*

- According to the Court's July 16 opinion, Commerce was ordered not only to adjust the margins for Dillinger and Salzgitter, but also to make adjustments to the "all others" rate.[7]
- Contrary to the Court's instructions, Commerce's draft results of redetermination do not adjust the "all others" rate as a result of the adjustment to Salzgitter's margin. Therefore, Commerce should recalculate the "all others" rate to incorporate this adjustment.
- While the Court may remand this case to Commerce after adjudicating remaining issues, Commerce should not wait to revise the "all others" rate. Doing so in the final remand determination would serve the interests of judicial and administrative economy.

---

[5] *See Dillinger France*, at 5-6.

[6] *See* Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Doc. No.1 03-316, vol. I, at 870 *(1994), reprinted in* 1994 U.S.C.C.A.N. 4040, 4199; *Maverick Tube Corp. v. United States,* 857 F.3d 1353, 1360 (CAFC 2017) (quoting *Elli De Cecco Di Filippo Fara* S. *Martin S.p.A. v. United States,* 216 F.3d 1037, 1032 (CAFC. 2000)); *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1348 (Fed. Cir. 2016); and *ArcelorMittal USA LLC v. United States*, Consol. Court No. 16-00168, Slip Op. 18-121 at 20 (CIT 2018).

[7] *See Dillinger Germany*, at 18, n.3.

*Commerce's Position*

We have evaluated the comments submitted by Nucor, Salzgitter, and Lohmann/thyssenkrupp. We agree with Nucor that the facts of *Dillinger Germany* differ significantly from those of *Dillinger France*, where there were only a small number of downstream sales transactions which were compared to U.S. sales and the resulting margin did not change. In *Dillinger Germany*: 1) the number of Salzgitter's reported downstream sales of cut-to-length plate with missing manufacturer information was 28,000; and 2) the result of accepting the data as reported for these sales is that Salzgitter's margin becomes zero, meaning that Salzgitter will be excluded from the order.

Additionally, Commerce agrees with Nucor that the Court's order did not provide Commerce with the opportunity to consider an alternative partial AFA methodology, in light of the factual differences between the two cases. We also agree that it is the role of Commerce to consider, in the first instance, whether a particular AFA methodology complies with the statute's directive in any particular case. Pursuant to the Court's order, Commerce was unable to consider whether an alternative methodology would have been more appropriate in the instant case. Due to this limitation, Commerce further agrees with Nucor that the Court's order deprives Commerce of the ability to further consider whether the purpose of section 776 of the Act, *i.e.*, inducing cooperation, has been satisfied. Accordingly, it is under respectful protest[8] that Commerce has followed the Court's instructions directing us to recalculate Salzgitter's margin utilizing the partial AFA methodology discussed above.

With respect to Lohmann/thyssenkrupp's arguments concerning the "all-others" rate, we have recalculated the rate in this final remand determination, as discussed below.

---

[8] *See Viraj Group v. United States*, 476 F.3d 1349 (Fed. Cir. 2007).

**Final Remand Results**

Consistent with the instructions of the Court, under respectful protest, we have recalculated Salzgitter's margin in the same manner as in the draft results of redetermination. In addition, we have also recalculated the "all-others" rate. As a result of our redetermination, Salzgitter's estimated weighted-average dumping margin is 0.00 percent. In accordance with section 735(c)(5)(A) of the Tariff Act of 1930, as amended, which provides that the estimated "all-others" rate shall be an amount equal to the weighted average of the estimated weighted-average dumping margins established for exporters and producers individually investigated, excluding any zero, and *de minimis* margins, we based the "all-others" rate on the estimated weighted-average dumping margin calculated for Dillinger, the other mandatory respondent in the underlying LTFV investigation. Accordingly, as a result of our redetermination, the "all-others" rate is 5.52 percent.[9]

Should the Court sustain this redetermination, Commerce will publish an amended final determination with the revised margins.

10/7/2019

X _____

Signed by: JEFFREY KESSLER

_____
Jeffrey I. Kessler
Assistant Secretary
  for Enforcement and Compliance

---

[9] *See Amended Final Determination.*