Slip Op. 22-114

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AG DER DILLINGER HÜTTENWERKE,<br><br>        Plaintiff,<br><br>   and<br><br>ILSENBURGER GROBBLECH GMBH, SALZGITTER MANNESMANN GROBBLECH GMBH, SALZGITTER FLACHSTAHL GMBH, SALZGITTER MANNESMANN INTERNATIONAL GMBH, and FRIEDR. LOHMANN GMBH,<br><br>        Consolidated Plaintiffs,<br>   and<br><br>THYSSENKRUPP STEEL EUROPE AG,<br><br>        Plaintiff-Intervenor,<br><br>   v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>   and<br><br>NUCOR CORPORATION and SSAB ENTERPRISES LLC,<br><br>        Defendant-Intervenors. | Before: Leo M. Gordon, Judge<br><br>Consol. Court No. 17-00158 |

### MEMORANDUM and ORDER

[Remanding Commerce's Second Remand Results.]

Dated: September 23, 2022

Marc E. Montalbine, J. Kevin Horgan, Gregory S. Menegaz, Alexandra H. Salzman, and Merisa A. Horgan, deKieffer & Horgan, PLLC, of Washington, D.C., for Plaintiff AG der Dillinger Hüttenwerke.

David E. Bond, Ron Kendler, and Allison Kepkay, White & Case LLP, of Washington, D.C., for Consolidated Plaintiffs Ilsenburger Grobblech GmbH, Salzgitter Mannesmann Grobblech GmbH, Salzgitter Flachstahl GmbH, and Saltzgitter Mannesmann International GmbH.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, D.C., for Defendant United States.  On the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Tara K. Hogan, Assistant Director.  Of counsel was Ayat Mujais, Attorney, U.S. Department of Commerce, Office of Chief Counsel for Trade Enforcement and Compliance of Washington, D.C.

Roger B. Schagrin, Luke A. Meisner, and Nicholas J. Birch, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor SSAB Enterprises LLC.

Alan H. Price, Christopher B. Weld, and Stephanie M. Bell, Wiley Rein LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

Gordon, Judge: This consolidated action involves a challenge to the final determination in the antidumping ("AD") investigation conducted by the U.S. Department of Commerce ("Commerce") of certain carbon and alloy steel cut-to-length plate ("CTL plate") from the Federal Republic of Germany.  See Certain Carbon and Alloy Steel Cut-to-Length Plate from the Federal Republic of Germany, 82 Fed. Reg. 16,360 (Dep't of Commerce Apr. 4, 2017) ("Final Determination"), and accompanying Issues and Decision Memorandum, A-428-844 (Mar. 29, 2017), http://enforcement.trade.gov/frn/summary/germany/2017-06628-1.pdf (last visited this date) ("Decision Memorandum").

Before the court are Commerce's Final Results of Redetermination Pursuant to Court Remand, ECF No. 129 ("Second Remand Results") filed pursuant to the court's

remand order in <u>AG der Dillinger Huttenwerke v. United States</u>, 45 CIT \_\_\_, 534 F. Supp.

3d 1403 (2021) ("<u>Dillinger I</u>").  The court presumes familiarity with the history of this action.

Plaintiff AG der Dillinger Hüttenwerke ("Dillinger") challenges Commerce's determination

to use "likely selling price" for the cost of production for non-prime plate as "facts available"

when the record was missing necessary actual cost information, and Consolidated

Plaintiffs Ilsenburger Grobblech GMBH, Salzgitter Mannesmann Grobblech GMBH,

Salzgitter Flachstahl GMBH, and Salzgitter Mannesmann International GMBH

(collectively "Salzgitter") challenge Commerce's determination to use partial AFA for

certain home market CTL plate sales made by their respective affiliates when Plaintiff

failed to submit manufacturing.  <u>See</u> Pl. Dillinger Comments on Remand Redetermination,

ECF No. 134 ("Dillinger Comments"); Salzgitter Consol. Pls.' Comments on Remand

Redetermination, ECF No. 135 ("Salzgitter Comments"); Def.'s Resp. to Comments on

Remand Redetermination, ECF No. 141 ("Def.'s Resp."); Def.-Int. SSAB's Comments on

Remand Redetermination, ECF 139 ("Def.-Int. SSAB's Comments"); Def.-Int. Nucor

Corporation's Comments on Remand Redetermination, ECF No. 146 ("Def. Int. Nucor's

Comments").  The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff

Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii)[1], and 28 U.S.C. § 1581(c)

(2018).

> For the reasons set forth below, the court remands this action to Commerce for
further explanation, and if appropriate, reconsideration, regarding its determination as to

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of
Title 19 of the U.S. Code, 2018 edition.

whether the "likely selling price" of non-prime plate recorded in Dillinger's books and records is "the best available information on the record" for evaluating and adjusting the cost of production under 19 U.S.C. § 1677b(f).  The court reserves decision on Salzgitter's challenge to Commerce's use of partial AFA.

## I. Standard of Review

The court sustains Commerce's "determinations, findings, or conclusions" unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  More specifically, when reviewing agency determinations, findings, or conclusions for substantial evidence, the court assesses whether the agency action is reasonable given the record as a whole.  Nippon Steel Corp. v. United States, 458 F.3d 1345, 1350–51 (Fed. Cir. 2006); see also Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.").  Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  DuPont Teijin Films USA v. United States, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence has also been described as "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  Fundamentally, though, "substantial evidence" is best understood as a word formula connoting reasonableness review.  3 Charles H. Koch, Jr. & Richard Murphy,

Administrative Law and Practice § 9.24[1] (3d ed. 2022).  Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." 8A West's Fed. Forms, National Courts § 3.6 (5th ed. 2022).

## II. Discussion

In a parallel matter involving the similar parties and subject merchandise, albeit involving a different country of production and a different administrative record, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") remanded Commerce's determination to adjust the reported costs of the respondent's non-prime plate based on the "likely selling price" for non-prime plate reported in the respondent's normal books and records, directing that § 1677b(f) requires Commerce to determine the actual cost of production for prime and non-prime CTL plate.  See Dillinger France S.A. v. United States, 981 F.3d 1318, 1321–24 (Fed. Cir. 2020).  In doing so, the court explained that "[b]ecause Dillinger's books and records did not reasonably reflect the costs associated with the production and sale of the merchandise as required by 19 U.S.C. § 1677b(f)," Commerce's determination could not be sustained.  Id.  Given the near identical nature of the challenge to Commerce's cost adjustment under § 1677b(f) in this matter, which also involved Commerce's reliance on an internal factory report ("FER") from Dillinger indicating the "likely selling price" of non-prime plate, this Court similarly remanded Commerce's cost adjustment determination so that Commerce could apply the Federal Circuit's guidance and make its adjustment based on the actual cost of production of prime and non-prime CTL plate.  See Dillinger I, 45 CIT at ___, 534 F. Supp. 3d at 1407.

On remand, Commerce "reopened the administrative record and issued a supplemental questionnaire to Dillinger to obtain the physical characteristics of the non-prime products produced and the actual cost of producing the non-prime products." Second Remand Results at 4.  In response, Dillinger informed Commerce that it could not provide any actual cost information and that it had already submitted the limited information it had on the physical characteristics of non-prime plate.  Second Remand Results at 6–7.  Dillinger argued that instead Commerce should rely on the average cost of total CTL production for calculating any cost of production adjustment under § 1677b(f) "because non-prime plate can only be distinguished from prime plate at the end of the production process and therefore both types of plate use precisely the same materials and undergo precisely the same processing steps." Id.; see also Dillinger Comments at 4.  Commerce, however, rejected Dillinger's proposed alternative after determining that using such an average would distort the disparity in cost across prime CTL products as well as the disparity in "size, specification, and grade" amongst non-prime products.  See Second Remand Results at 8–9.  Given these circumstances, Commerce found that there was a gap in the record as to the requisite information of the actual cost of production for Dillinger's non-prime plate.  Id. at 12–13.  Commerce concluded that it was therefore necessary to select from facts available pursuant to 19 U.S.C. § 1677e(a)(1), and consequently would rely on "the cost assigned to the prime and non-prime merchandise as recorded in Dillinger's normal books and records [(i.e., the FER)], as facts otherwise available." Id. at 13 (further explaining that Commerce "selected the selling prices of the non-prime products as facts otherwise available because this amount is used by Dillinger

in its normal books and records; importantly, was verified by Commerce; and it is the best available information on the record.").

In the remand proceedings in the parallel action, Commerce made nearly identical findings and reached the same conclusion.  See Dillinger France S.A. v. United States, Court No. 17-00159, ECF No. 85 (Aug. 25, 2021) (results of remand redetermination addressing allocation of costs between Dillinger France's production of non-prime and prime plates).  When plaintiffs there challenged Commerce's determination to continue relying upon the "likely selling price" from Dillinger's FER, as facts otherwise available, in making its cost adjustments for prime and non-prime plate, the court sustained "Commerce's general invocation of facts available to supply the costs of production for Dillinger's prime and non-prime products."  See Dillinger France S.A. v. United States, Slip Op. 22-97, 46 CIT ___, 2022 WL 3453574 at *6 (Aug. 18, 2022).  However, the court also held that Commerce failed to explain why it was reasonable to rely on the "likely selling price" from the FER in Dillinger's normal books and records as the best available information for determining the cost of producing the merchandise as directed by the Federal Circuit.  Id. at *7 (noting that Commerce's purported explanation in the remand failed to address "why relying on Dillinger's normal books and records -- which reflect the likely selling price of non-prime pipe rather than the costs of production -- better accords with Commerce's obligation to ensure that the reported costs of production reasonably reflect the cost of producing the merchandise under consideration." (internal quotation marks omitted)).  The court further observed that this "analytic deficiency is particularly apparent given that both data sets under consideration exhibit the same Commerce-

identified flaw of assigning costs without variance for physical characteristics." Id. (internal citation omitted). Accordingly, the court remanded the matter to Commerce again for further explanation and/or reconsideration of this issue. Id.

Since the issue, Commerce's analysis, and the arguments of the parties are nearly identical to those presented in Dillinger France, the court concludes that a remand is equally appropriate here. Because Dillinger has failed to place information on the record demonstrating the actual cost of production of its non-prime products, Commerce may reasonably rely on facts otherwise available pursuant to § 1677e(a)(1); however, in making its selection of facts otherwise available, Commerce must explain how its reliance on information indicating the "likely selling price" of non-prime products accords with its obligation to ensure that the reported costs of production reasonably reflect the cost of producing the merchandise under consideration.

Consol. Court No. 17-00158                                                      Page 9

### III. Conclusion

For the foregoing reasons it is hereby

**ORDERED** that this action is remanded to Commerce; it is further

**ORDERED** that Commerce shall file its remand results on or before December 15, 2022; and it is further

**ORDERED** that, if applicable, the parties shall file a proposed scheduling order with page limits for comments on the remand results no later than seven days after Commerce files its remand results with the court.

 

 

 

 

                                                      _____/s/ Leo M. Gordon_____
                                                           Judge Leo M. Gordon

Dated: September 23, 2022
     New York, New York