UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| AG DER DILLINGER HÜTTENWERKE, <br><br>  Plaintiff, <br><br> ILSENBURGER GROBBLECH GMBH, SALZGITTER MANNESMANN GROBBLECH GMBH, SALZGITTER FLACHSTAHL GMBH, AND SALZGITTER MANNESMANN INTERNATIONAL GMBH, <br><br>  Consolidated Plaintiffs, <br> and <br><br> THYSSENKRUPP STEEL EUROPE AG and FRIEDR. LOHMANN GMBH, <br><br>  Plaintiff-Intervenors, <br><br> v. <br> UNITED STATES, <br><br>  Defendant, <br> and <br><br> NUCOR CORPORATION and SSAB ENTERPRISES LLC, <br><br>  Defendant-Intervenors. | Consol. Court No. 17-00158 |

**CONSOLIDATED PLAINTIFFS' MOTION TO SEVER
AND ENTER FINAL JUDGMENT**

Pursuant to Rules 7 and 21 of the Rules of this Court, Consolidated Plaintiffs Ilsenburger Grobblech GmbH ("ILG"), Salzgitter Mannesmann Grobblech GmbH ("MGB"), Salzgitter Flachstahl GmbH ("SZFG"), and Salzgitter Mannesmann International GmbH ("SMID") (collectively, "Salzgitter") request that the Court sever the claims raised by Salzgitter in Court No.

17-00160, which was consolidated into the above-captioned matter, and enter final judgment for such claims.

As part of the totality of the circumstances, the Court considers the following factors in determining whether to sever claims: "whether factual and legal distinctions exist to justify the severance; the potential prejudice to the opposing party; whether severance will promote judicial economy through a savings of time and expense to the parties and the court; and whether severance will promote the interests of justice." *LG Elecs., Inc. v. United States ITC*, 38 C.I.T. 103, 105-106 (2014) (quoting *Generra Sportswear, Inc. v. United States*, 16 C.I.T. 313, 315 (1992)). The facts here favor the severance of Salzgitter's claims and an entry of final judgment regarding these claims. There is no overlap between the claims that Salzgitter raised and those raised by Plaintiff AG der Dillinger Hüttenwerke ("Dillinger"). Salzgitter's claims have been finally resolved by the Court. And, it is likely that significant additional time will be required to reach a final judgment regarding the claims raised by Dillinger.

This case consolidates claims by Salzgitter and Dillinger challenging the U.S. Department of Commerce's ("Commerce") final determination in the antidumping investigation of certain cut-to-length ("CTL") carbon and alloy steel plate from Germany. *See Certain Carbon and Alloy Steel Cut-to-Length Plate from the Federal Republic of Germany*, 82 Fed. Reg. 16360 (Apr. 4, 2017).[1]

Salzgitter presented two claims in its Complaint. Count 1 challenged Commerce's determination under 19 U.S.C. § 1677e(b) to apply partial adverse facts available ("AFA") to certain sales for which Salzgitter could not identify and report the manufacturer. Count 2

---

[1] Salzgitter objected to consolidation of the cases. *See* Partial Joint Response in Opposition to Defendant's Motion to Consolidate, Court No. 17-00160, ECF Doc. No. 36 (Oct. 12, 2017).

challenged Commerce's choice of partial AFA for Salzgitter. *See* Salzgitter Complaint at 13–15, Court No. 17-00160, ECF Doc. No. 7 (Jun. 30, 2017).

The Court has reached a final decision on both counts of Salzgitter's Complaint. Regarding the issue raised in Count 1 of Salzgitter's Complaint, the Court sustained Commerce's decision in 2019. *See AG der Dillinger Hüttenwerke v. United States*, 399 F. Supp. 3d 1247, 1256 (Ct. Int'l Trade 2019). Regarding the issue raised in Count 2, the Court recently sustained Commerce's choice of partial AFA after two remands to Commerce for further consideration. *See AG der Dillinger Hüttenwerke v. United States*, No. 17-00158, Slip. Op. 23-94, at 21-22 (Ct. Int'l Trade June 23, 2023). Accordingly, there are no remaining live issues with respect to Salzgitter's Complaint.

In contrast, Dillinger's complaint presented eight claims, and only one claim was related to the use of AFA in relation to sales for which the manufacturer could not be identified and reported. *See* Dillinger Complaint at 8-33, ECF Doc. No. 9 (July 24, 2017). The Court has ordered several remands to Commerce with respect to Dillinger's other issues on appeal, the most recent was filed with the Court on September 7, 2023. Both Plaintiff and Defendant-Intervenor filed comments before Commerce regarding the draft remand, suggesting that comments will be filed with the Court for further consideration. Because the remand and scheduling order have been recently filed with the Court, *see* ECF Doc. Nos. 184 and 186, the substance of any further briefing and oral argument is yet to be determined, and several months likely remain before all comments will be filed with the Court and the Court issues an opinion. The remaining Dillinger issues, which are related to quality coding and model-match methodology, are wholly unrelated to Salzgitter's issues. *See AG der Dillinger Hüttenwerke v. United States*, No. 17-00158, Slip. Op. 23-94, at 22-27 (Ct. Int'l Trade June 23, 2023).

The totality of the circumstances here favors the severance of Salzgitter's claims. First, there is no legal or factual overlap between Salzgitter's and Dillinger's claims. Second, the Court's further consideration of the issues raised by Dillinger will have no impact on the issues raised by Salzgitter on which the Court has already ruled. Third, it has been over six years since Commerce issued the final determination in the original investigation, and Commerce and the International Trade Commission have recently completed the five-year sunset review of the antidumping order at issue. *See Certain Carbon and Alloy Steel Cut-to-Length Plate from Austria, Belgium, Brazil, the People's Republic of China, France, the Federal Republic of Germany, the Republic of Korea, Italy, Japan, South Africa, Taiwan, and the Republic of Turkey: Continuation of Antidumping Duty Order (Austria, Belgium, the People's Republic of China, France, the Federal Republic of Germany, the Republic of Korea, Italy, Japan, South Africa, Taiwan, and the Republic of Turkey) and Revocation of Antidumping Duty Order (Brazil)*, 88 Fed. Reg. 8802 (Feb. 10, 2023). Severing Salzgitter's claims will thus promote judicial economy, in both time and expense, and the interests of justice in entering final judgment for Salzgitter's claims. Finally, all parties have either consented to or take no position on this motion, demonstrating the lack of prejudice to opposing parties in this case.

On September 20, 2023, counsel to Consolidated Plaintiff Salzgitter contacted Marc Montalbine of deKieffer & Horgan PLLC, counsel to plaintiff Dillinger; Robert LaFrankie of Crowell & Moring LLP, counsel to Plaintiff-Intervenors thyssenkrupp Steel Europe AG and Friedr. Lohmann GmbH; Kara Westercamp of the U.S. Department of Justice, counsel to Defendant United States; Stephanie Bell of Wiley Rein LLP, counsel to Defendant-Intervenor Nucor Corporation; and Jeff Gerrish of Schagrin Associates, counsel to Defendant-Intervenor SSAB Enterprises LLC. Counsel to Dillinger, thyssenkrupp Steel Europe AG and Friedr.

4

Lohmann GmbH, and the United States consented to the motion. Counsel to Nucor Corporation and SSAB Enterprises LLC took no position on this motion.

For these reasons, the Court should grant this motion, sever Salzgitter's claims from this consolidated case, and enter final judgment for Salzgitter's claims in Court No. 17-00160.

>Respectfully submitted,
>
>WHITE & CASE LLP
>
> /s/ David E. Bond
>David E. Bond
>Ron Kendler
>Allison Kepkay
>701 Thirteenth Street, NW
>Washington, DC 20005
>(202) 626-3600
>
>Counsel to Consolidated Plaintiffs

Date: September 26, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, the undersigned counsel certifies that Consolidated Plaintiffs' Motion to Sever and Enter Final Judgment complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the motion was prepared, the motion contains a total of 1,027 words.

<em>/s/ David E. Bond</em>

September 26, 2023

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26 day of September, 2023, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

*/s/ David E. Bond*