IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AG DER DILLINGER HÜTTENWERKE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR CORPORATION, *et al.*, <br><br> Defendant-Intervenors. | Before: Hon. Leo M. Gordon <br><br> Consol. Court No. 17-00158 |

**DEFENDANT-INTERVENOR NUCOR CORPORATION'S
COMMENTS ON FINAL RESULTS OF REDETERMINATION PURSUANT
TO COURT REMAND**

Alan H. Price, Esq.
Christopher B. Weld, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

Dated: October 16, 2023

Consol. Ct. No. 17-00158

## **TABLE OF CONTENTS**

                                                                                                                            **Page**

I.     INTRODUCTION ...............................................................................................1
II.    ARGUMENT ......................................................................................................1
III.   CONCLUSION ...................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bohler Bleche GMBH & Co. KG v. United States*,
　324 F. Supp. 3d 1344 (Ct. Int'l Trade 2018) ..................................................................1, 2, 6

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
　463 U.S. 29 (1983).................................................................................................................2

*NMB Sing. Ltd. v. United States*,
　557 F.3d 1316 (Fed. Cir. 2009)..............................................................................................2

*U.S. Steel Corp. v. United States*,
　37 CIT 1799, 953 F. Supp. 2d 1332 (2013)...........................................................................2

I.  **INTRODUCTION**

On behalf of Defendant-Intervenor Nucor Corporation ("Nucor"), we respectfully submit the following comments in opposition to the September 7, 2023 remand results issued by the Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand Order in *AG Der Dillinger Hüttenwerke v. United States*, Ct. No. 17-00158 (Sept. 7, 2023), ECF No. 184 ("Fourth Remand Results"). For the reasons discussed below, Nucor respectfully requests that this Court remand Commerce's most recent determination, as it is not supported by substantial evidence and is not otherwise in accordance with law.

II. **ARGUMENT**

In its opinion, the Court remanded to Commerce for further explanation of its rejection of the sour transport plate quality code proposed by Plaintiff AG Der Dillinger Hüttenwerke ("Dillinger"). *See AG Der Dillinger Hüttenwerke v. United States*, Ct. No. 17-00158, slip op. 23-94 (Ct. Int'l Trade June 23, 2023) at 22-27 ("*Dillinger Hüttenwerke IV*"), ECF No. 183. In doing so, the Court highlighted the Court's decision in *Bohler Bleche GMBH & Co. KG v. United States*, 324 F. Supp. 3d 1344 (Ct. Int'l Trade 2018), and Commerce's subsequent remand in that case in which the agency revised its model match methodology to better account for differences in alloy content. *See id.* at 25-26. The Court found that the "circumstances in *Bohler* appear analogous" and observed that "reasoned decision-making requires a certain measure of consistency." *Id.* at 27 (quoting *AG Der Dillinger Hüttenwerke v. United States*, 399 F. Supp. 3d 1247, 1257 (Ct. Int'l Trade 2019)). Accordingly, the Court remanded "for Commerce to further explain why its determination is reasonable in light of its approach in *Bohler*, or if appropriate, reconsider its rejection of Dillinger's proposed quality code for sour transport plate." *Id.* In its draft remand determination, Commerce declined to modify its model match methodology;

however, in its final remand determination, the agency reversed course and included a separate quality code for sour transport plate in the calculation of Dillinger's dumping margin.[1] *See* Fourth Remand Results at 6-9. This determination is unsupported and insufficiently explained and, therefore, should not be sustained.

"To be in accordance with law, a decision must not be arbitrary and capricious . . . and must be supported by substantial evidence and reasoned explanations." *U.S. Steel Corp. v. United States*, 37 CIT 1799, 1801-02, 953 F. Supp. 2d 1332, 1336 (2013) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41-43 (1983); *SKF USA Inc. v. United States*, 630 F.3d 1365, 1373-74 (Fed. Cir. 2011)). To meet the "arbitrary and capricious" standard, Commerce must have "examine{d} the relevant data and articulate{d} a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." *State Farm*, 463 U.S. at 43 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). While Commerce's explanations do not need to be perfect, "the path of Commerce's decision must be reasonably discernable to a reviewing court." *NMB Sing. Ltd. v. United States*, 557 F.3d 1316, 1319 (Fed. Cir. 2009) (citing *State Farm*, 463 U.S. at 43). Commerce has not met this standard here.

In its remand determination, Commerce concluded that the "facts of the present case are analogous to those of *Bohler*{,}" stating that, both here and in *Bohler*, the respondents argued for a revision to the model-match methodology to account for differences in physical characteristics and provided information to demonstrate the effect of these difference on cost and price. Fourth

---

[1] In its comments on the draft remand, Dillinger argued that Commerce should reconsider its rejection of a separate quality code for sour service pressure vessel steel. *See* Fourth Remand Results at 8. As Commerce explains in its remand determination, the Court already sustained Commerce's rejection of this quality code, and thus Commerce properly declined to reconsider this issue. *Id.* at 9.

Remand Determination at 4-6. Commerce, however, has failed to support this determination or to provide a reasoned explanation connecting the facts of this record to its ultimate conclusion. Notably, although Commerce asserts that Dillinger has "provided information on the record to demonstrate the consistently higher costs and net prices for sour service petroleum transport plate, along with supporting documentation{,}" the agency has provided no discussion or analysis of this information. *Id.* at 5-6. Nor does Commerce provide any citation to the record to support its determination or otherwise identify what information it was relying on or found to be persuasive. *Id.* Commerce likewise states that it "consider{ed} Dillinger's comments on the Draft Remand" and made its determination "based on the facts here," but does not specify—much less discuss—any information on which its determination was based. *Id.* at 3-6, 9.

This absence of discussion by the agency is underscored given its draft remand determination. Specifically, in its draft remand determination, Commerce stated that Dillinger "provided no analysis of cost or price differences between sour service petroleum transport plate and other steels designated specifically for the transport of petroleum products" and instead provided only "(1) a slide presentation entitled "Presentation on Requirements for Steel Plates in Sour Service" with general information about sour service petroleum transport plate; and (2) a hypothesis of how its margin would change if this and two additional quality codes were added to the control number." Draft Results of Redetermination Pursuant to Court Remand in *AG Der Dillinger Hüttenwerke v. United States*, Ct. No. 17-00158 (Aug. 10, 2023) at 5-6, P.R.R. 1 (footnotes omitted).[2] Yet, in its remand determination, Commerce did not provide any

---

[2] Documents on the agency record are referred to within these comments by the numbers provided in Commerce's administrative record index, filed with the Court on September 11, 2017, and its post-remand additional record index, filed with the Court on September 21, 2023. Documents in the September 11, 2017 index are referred to with the rubric "C.R." (for

explanation of why this conclusion was no longer supported or what record evidence supported the opposite conclusion. Fourth Remand Results at 3-9. Accordingly, Commerce has failed to identify what information it relied on or explain how this information demonstrates or supports its determination that a separate quality code for sour transport plate is warranted. Put another way, Commerce has provided no rational connection between the facts found and the choices made because it has failed to identify any record facts that it has relied on or provide any explain of how those facts led the agency to its ultimate conclusion. *See id.* at 3-6.

Commerce's failure to identify or discuss the information on which it relied is particularly problematic here in light of Dillinger's failures during the underlying investigation. In contesting Commerce's original determination before this Court, as well as challenging the agency's draft remand determination, Dillinger relies predominately on information and analysis that it never presented to Commerce in the original investigation.[3] *Compare* Plaintiff AG Dillinger Hüttenwerke's Rule 56.2 Mem. in Supp. of Mot. For J. Upon the Agency R. (Mar. 12, 2018) at 11-15, ECF No. 40, *and* Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *AG der Dillinger Hüttenwerke v. United States*, Court No. 17-00158, Slip Op. 23-94 (CIT June 23, 2023) *Certain Carbon and Alloy Steel Cut-to-Length Plate from Germany: Comments on Draft Results of Redetermination* (Aug. 17, 2023), C.R.R. 4, P.R.R. 6, *with* Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from Austria, Belgium, Brazil, France, the Federal Republic of Germany, Italy,*

---

confidential) and "P.R." (for public) followed by the relevant number. Documents in the September 21, 2023 index are referred to by the rubric "C.R.R." and "P.R.R."

3    To be clear, Nucor is not claiming that Dillinger has relied on information that was not on the record in the underlying investigation, but instead that it has relied on information and analysis that was not presented or identified as relevant to the agency in support of its argument regarding the model match methodology.

*Japan, the Republic of Korea, the People's Republic of China, South Africa, Taiwan, and the Republic of Turkey Comments on Proposed List of Product Characteristics* (June 2, 2016) at 2-3, P.R. 107 ("Product Characteristic Comments"), Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Section B Response* (July 15, 2016) at B-15-B-16, C.R. 77-97, P.R. 194-197 ("Section B Response"), Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Supplemental Section B and C Response* (Sept. 20, 2016) at 10-12, C.R. 266-286, P.R. 323 ("Supplemental B and C Response"), Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Second Supplemental Sections A, B & C Response* (Oct. 21, 2016) at 8, C.R. 465-476, P.R. 400-401 ("Second Supplemental Sections A, B & C Response"), *and* Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Case Brief* (Feb. 13, 2017) at 7-11, C.R. 750-752, P.R 514 ("Dillinger Case Brief"). To the extent that Commerce's determination is based on information and analysis that Dillinger did not present to the agency during the underlying investigation, Commerce has failed to explain how Dillinger's belated justifications support the inclusion of an additional quality code for sour transport plate. Indeed, Commerce's original determination was centered on Dillinger's failure to sufficiently support its determination. *See Dillinger Hüttenwerke IV* at 22-24. If Commerce is relying on the same analysis and argument that was presented in the underlying proceeding, it must explain why and on what basis it has now come to a different conclusion. And if Commerce is relying on

information and analysis that Dillinger did not present until after Commerce made its final determination, the agency must still explain what information it relied on and why it is appropriate to accept Dillinger's eleventh-hour arguments.

Commerce also fails to acknowledge this important distinction between the present case and *Bohler*. For example, in *Bohler*, the Court highlighted the discussion of cost and price differences that the Plaintiff had presented to Commerce in the underlying proceeding. *See Bohler*, 324 F. Supp. 3d at 1350-52. Here, in contrast, in the underlying investigation Dillinger provided only a cursory discussion and broad statements in support of a separate quality code for sour transport plate, failing to provide any of the detailed analysis or discussion that was apparently presented to Commerce in *Bohler*. *See* Product Characteristic Comments at 2-3; Section B Response at B-15-B-16; Supplemental Section B and C Response at 10-12; Second Supplemental Sections A, B & C Response at 8; Dillinger Case Brief at 7-11. Thus, not only has Commerce failed to identify what information it relied on to make its determination or explain why this information supports its determination, but it also fails to explain whether it is relying on information and analysis that Dillinger did not present until after the agency's initial final determination and, if so, why it is appropriate to base its decision on information that Dillinger previously failed to discuss or identify as relevant. In this regard, it is notable that the Court did not instruct Commerce to address the information identified by Dillinger in its post-final determination submissions. *See Dillinger Hüttenwerke IV* at 22-27. The apparent difference in timing with which arguments were presented in *Bohler* compared to the present case is a critical distinction that Commerce does not acknowledge or discuss.

In short, Commerce's remand determination fails to present the reasoned, supported analysis that the agency is required to provide. Commerce does not discuss the information on

the record, identify the record evidence it relied on, or analyze how this information supports its conclusion. Commerce's brief, uncited statements that Dillinger provided certain information, without discussing what that information was or how it was taken into consideration, does not provide the guidance and clarity required for there to exist a rational connection between the facts found and the choices made. Moreover, Commerce failed to acknowledge the shortcomings in Dillinger's arguments and analysis presented in the underlying investigation or explain how (or whether) this affected the agency's determination. Thus, Commerce's determination is unsupported by substantial evidence and not in accordance with law and, therefore, should not be sustained.

### III.    CONCLUSION

Consequently, for the reasons contained herein, Nucor respectfully requests that the Court remand Commerce's remand determination as not supported by substantial evidence and not otherwise in accordance with law.

>                        Respectfully submitted,
>
>                        */s/ Alan H. Price*
>                        Alan H. Price, Esq.
>                        Christopher B. Weld, Esq.
>                        Stephanie M. Bell, Esq.
>
>                        **WILEY REIN LLP**
>                        2050 M Street, NW
>                        Washington, DC 20036
>                        (202) 719-7000
>
>                        *Counsel to Nucor Corporation*

Dated:  October 16, 2023

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments complies with the word limitation requirement. The word count for Defendant-Intervenor Nucor Corporation's Comments on Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,305 words.

    /s/ *Alan H. Price*
(Signature of Attorney)

    Alan H. Price
(Name of Attorney)

Nucor Corporation
(Representative Of)

October 16, 2023
(Date)