UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| AG DER DILLINGER HÜTTENWERKE, <br><br> Plaintiff, <br><br> ILSENBURGER GROBBLECH GMBH, SALZGITTER MANNESMANN GROBBLECH GMBH, SALZGITTER FLACHSTAHL GMBH, AND SALZGITTER MANNESMANN INTERNATIONAL GMBH, <br><br> Consolidated Plaintiffs, <br> and <br><br> THYSSENKRUPP STEEL EUROPE AG and FRIEDR. LOHMANN GMBH, <br><br> Plaintiff-Intervenors, <br><br> v. <br> UNITED STATES, <br><br> Defendant, <br> and <br><br> NUCOR CORPORATION and SSAB ENTERPRISES LLC, <br><br> Defendant-Intervenors. | Consol. Court No. 17-00158 |

**CONSOLIDATED PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT**

Pursuant to Rule 54(b) of the Rules of this Court, Consolidated Plaintiffs Ilsenburger Grobblech GmbH ("ILG"), Salzgitter Mannesmann Grobblech GmbH ("MGB"), Salzgitter Flachstahl GmbH ("SZFG"), and Salzgitter Mannesmann International GmbH ("SMID") (collectively, "Salzgitter") hereby request that the Court enter partial final judgment for the claims raised by Salzgitter.

Pursuant to Rule 54(b), the Court may direct entry of a final judgment for fewer than all parties if it "expressly determines that there is no just reason for delay." To determine whether there is "no just reason for delay," the Court examines "whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment." *United States v. Great Am. Ins. Co.*, 229 F. Supp. 3d 1306, 1332 (Ct. Int'l Trade 2017). The facts here favor an immediate entry of judgment regarding Salzgitter's claims. Salzgitter's claims have been finally resolved by the Court. Significant time has elapsed resolving those claims. There is no overlap between the claims that Salzgitter raised and those raised by Plaintiff AG der Dillinger Hüttenwerke ("Dillinger"). And, it is likely that significant additional time will be required to reach a final judgment regarding the claims raised by Dillinger.

This case consolidates claims by Salzgitter and Dillinger challenging the U.S. Department of Commerce's ("Commerce") final determination in the antidumping investigation of certain cut-to-length ("CTL") carbon and alloy steel plate from Germany. *See Certain Carbon and Alloy Steel Cut-to-Length Plate from the Federal Republic of Germany*, 82 Fed. Reg. 16360 (Apr. 4, 2017).[1]

Salzgitter presented two claims in its Complaint. Count 1 challenged Commerce's determination under 19 U.S.C. § 1677e(b) to apply partial adverse facts available ("AFA") to certain sales for which Salzgitter could not identify and report the manufacturer. Count 2 challenged Commerce's choice of partial AFA for Salzgitter. *See* Salzgitter Complaint at 13–15, Court No. 17-00160, ECF Doc. No. 7 (Jun. 30, 2017).

The Court has reached a final decision on both counts of Salzgitter's Complaint. Regarding the issue raised in Count 1 of Salzgitter's Complaint, the Court sustained Commerce's decision in

---

[1] Salzgitter objected to consolidation of the cases. *See* Partial Joint Response in Opposition to Defendant's Motion to Consolidate, Court No. 17-00160, ECF Doc. No. 36 (Oct. 12, 2017).

2019. *See AG der Dillinger Hüttenwerke v. United States*, 399 F. Supp. 3d 1247, 1256 (Ct. Int'l Trade 2019). Regarding the issue raised in Count 2, the Court recently sustained Commerce's choice of partial AFA after two remands to Commerce for further consideration. *See AG der Dillinger Hüttenwerke v. United States*, No. 17-00158, Slip. Op. 23-94, at 21-22 (Ct. Int'l Trade June 23, 2023). Accordingly, there are no remaining live issues with respect to Salzgitter's Complaint.

In contrast, Dillinger's complaint presented eight claims, and only one claim was related to the use of AFA in relation to sales for which the manufacturer could not be identified and reported. *See* Dillinger Complaint at 8-33, ECF Doc. No. 9 (July 24, 2017). The Court has ordered several remands to Commerce with respect to Dillinger's other issues on appeal, the most recent was filed with the Court on September 7, 2023. The parties filed initial comments with the Court regarding the most recent remand results for Dillinger on October 16, 2023. *See* ECF Doc. Nos. 192 and 193. It will be several weeks until all comments will be filed with the Court, and then the Court must consider the parties' comments, possibly hold oral argument, and reach a decision. The remaining Dillinger issues, which are related to quality coding and model-match methodology, are wholly unrelated to Salzgitter's issues. *See AG der Dillinger Hüttenwerke v. United States*, No. 17-00158, Slip. Op. 23-94, at 22-27 (Ct. Int'l Trade June 23, 2023).

Under these circumstances, there is "no just reason" to delay issuance of a final judgment with respect to Salzgitter's issues. First, it has been over six years since Commerce issued the final determination in the original investigation, and Commerce and the International Trade Commission have recently completed the five-year sunset review of the antidumping order at issue. *See Certain Carbon and Alloy Steel Cut-to-Length Plate from Austria, Belgium, Brazil, the People's Republic of China, France, the Federal Republic of Germany, the Republic of Korea,*

3

*Italy, Japan, South Africa, Taiwan, and the Republic of Turkey: Continuation of Antidumping Duty Order (Austria, Belgium, the People's Republic of China, France, the Federal Republic of Germany, the Republic of Korea, Italy, Japan, South Africa, Taiwan, and the Republic of Turkey) and Revocation of Antidumping Duty Order (Brazil)*, 88 Fed. Reg. 8802 (Feb. 10, 2023). Second, the Court's further consideration of the issues raised by Dillinger will have no impact on the issues raised by Salzgitter on which the Court has already ruled.

On October 18, 2023, counsel to Consolidated Plaintiff Salzgitter contacted Marc Montalbine of deKieffer & Horgan PLLC, counsel to Plaintiff Dillinger and Consolidated Plaintiff Friedr. Lohmann GmbH; Robert LaFrankie of Crowell & Moring LLP, counsel to Plaintiff-Intervenor thyssenkrupp Steel Europe AG; Kara Westercamp of the U.S. Department of Justice, counsel to Defendant United States; Stephanie Bell of Wiley Rein LLP, counsel to Defendant-Intervenor Nucor Corporation; and Jeff Gerrish of Schagrin Associates, counsel to Defendant-Intervenor SSAB Enterprises LLC. Counsel to Dillinger, Friedr. Lohmann GmbH, thyssenkrupp Steel Europe AG, and the United States consented to the motion. Counsel to Nucor Corporation and SSAB Enterprises LLC took no position on this motion.

For these reasons, the Court should grant this motion and enter partial final judgment with respect to Salzgitter.

Respectfully submitted,

WHITE & CASE LLP
 */s/ David E. Bond*
David E. Bond
Ron Kendler
Allison Kepkay
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Counsel to Consolidated Plaintiffs

Date: October 19, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, the undersigned counsel certifies that Consolidated Plaintiffs' Motion For Partial Final Judgment complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the motion was prepared, the motion contains a total of 880 words.

*/s/ David E. Bond*

October 19, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2023, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

<u>/s/ David E. Bond</u>