Slip Op. 23-160

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AG DER DILLINGER HÜTTENWERKE, | |
| Plaintiff, | |
| and | |
| ILSENBURGER GROBBLECH GMBH, SALZGITTER MANNESMANN GROBBLECH GMBH, SALZGITTER FLACHSTAHL GMBH, SALZGITTER MANNESMANN INTERNATIONAL GMBH, and FRIEDR. LOHMANN GMBH, | |
| Consolidated Plaintiffs, | Before: Leo M. Gordon, Judge |
| and | |
| THYSSENKRUPP STEEL EUROPE AG, | |
| Plaintiff-Intervenor, | Consol. Court No. 17-00158 |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| NUCOR CORPORATION and SSAB ENTERPRISES LLC, | |
| Defendant-Intervenors. | |

**MEMORANDUM and ORDER**

  Marc E. Montalbine, deKieffer & Horgan, PLLC, of Washington, D.C., for Plaintiff AG der Dillinger Hüttenwerke.

  Ron Kendler, White & Case LLP, of Washington, D.C., for Consolidated Plaintiffs Ilsenburger Grobblech GmbH, Salzgitter Mannesmann Grobblech GmbH, Salzgitter Flachstahl GmbH, and Saltzgitter Mannesmann International GmbH.

  Robert L. LaFrankie, Crowell & Moring LLP, of Washington D.C., for Plaintiff-Intervenor thyssenkrupp Steel Europe AG.

  Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, D.C., argued for Defendant United States. Of counsel was Ayat Mujais, Attorney, U.S. Department of Commerce, Office of Chief Counsel for Trade Enforcement and Compliance of Washington, D.C.

  Jeffrey Gerrish, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor SSAB Enterprises LLC.

  Stephanie M. Bell, Wiley Rein LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

  Gordon, Judge: Recently, the court issued an opinion denying a challenge to the final determination made by the U.S. Department of Commerce ("Commerce") in the antidumping investigation of certain carbon and alloy steel cut-to-length plate ("CTL plate") from the Federal Republic of Germany. See AG der Dillinger Hüttenwerke v. United States, 47 CIT ___, 648 F. Supp. 3d 1321 (2023) ("AG Dillinger 2023"); see also Certain Carbon and Alloy Steel Cut-to-Length Plate from the Federal Republic of Germany, 82 Fed. Reg. 16,360 (Dep't of Commerce Apr. 4, 2017) ("Final Determination"), and accompanying Issues and Decision Memorandum, A-428-844 (Mar. 29, 2017), http://enforcement.trade.gov/frn/summary/germany/2017-06628-1.pdf (last visited this date) ("Decision Memorandum"). The court's opinion focused on Commerce's determination under 19 U.S.C. § 1677e(b) to apply partial adverse facts available ("AFA") to certain sales for which Consolidated Plaintiffs, Ilsenburger Grobblech GmbH, Salzgitter Mannesmann Grobblech GmbH, Salzgitter Flachstahl GmbH, and Salzgitter Mannesmann International GmbH (collectively, "Salzgitter"), could not identify and report the manufacturer. See also AG der Dillinger Hüttenwerke v. United States, 43 CIT ___,

399 F. Supp. 3d 1247 (2019) (sustaining Commerce's decision to apply "facts available" under 19 U.S.C. § 1677e(a), as well as an adverse inference under 19 U.S.C. § 1677e(b), but remanding the selection of AFA as applied in this matter); AG der Dillinger Hüttenwerke v. United States, 45 CIT ___, 534 F. Supp. 3d 1403 (2021) (remanding Commerce's application of AFA again after Commerce erred in following court's instructions to explain its decision-making in light of Dillinger France S.A. v. United States, 43 CIT ___, 350 F. Supp. 3d 1349 (2018)).  The court rejected Salzgitter's argument that Commerce's determination was unreasonable or unlawful, and also rejected Salzgitter's challenge to Commerce's selection and application of partial AFA to Salzgitter.  See Salzgitter Consol. Pls.' Rule 56.2 Mot. for J. on the Agency R., ECF No. 43 ("Salzgitter Br."); see also Def.'s Mem. Opp. Pls.' Rule 56.2 Mots. for J. on the Admin. R., ECF No. 55 ("Def.'s Resp."); Reply in Supp. of Consol. Pls.' Rule 56.2 Mot. for J. on the Agency R., ECF No. 64 ("Salzgitter Reply"); Final Results of Redetermination Pursuant to Court Remand, ECF No. 129 ("Second Remand Results"); Consol. Pls.' Comments in Opp'n to Second Remand Redetermination, ECF No. 135; Def.'s Resp. to Comments on Second Remand Redetermination, ECF No. 141.

Pending before the court is a motion by Salzgitter pursuant to USCIT Rule 54(b) for the entry of partial judgment sustaining Commerce's determination as to the challenges raised by Salzgitter.[1]  See Consol. Pls.' Mot. for Partial Final J., ECF No. 194.

---

[1] Specifically, the court is sustaining Commerce's determination as presented in its Second Remand Results, in which Commerce explained why it differed in its application of partial AFA to Salzgitter as compared to Dillinger and adjusted its calculation of Salzgitter's final weighted-average dumping margin to 22.90 percent.

For the reasons set forth below, the court will grant Salzgitter's motion and enter a Rule 54(b) partial judgment.

Rule 54(b) provides in part that:

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b). Rule 54(b) requires finality—"an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Additionally, in evaluating whether there is no just reason for delay, the court examines whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment. See Timken v. Regan, 5 CIT 4, 6 (1983).

Here, Salzgitter solely challenged Commerce's determination under 19 U.S.C. § 1677e(b) to apply partial AFA to certain sales for which Salzgitter could not identify and report the manufacturer. See generally Salzgitter Br. What remains for adjudication is a challenge by AG der Dillinger Hüttenwerke ("Dillinger") and other interested parties to the Fourth Remand Results in this matter which addresses issues not relevant to Salzgitter. See, e.g., Final Results of Redetermination Pursuant to Court Remand, ECF No. 184; Pl. AG der Dillinger Hüttenwerke's Comments in Partial Opp'n to Final Results of Redetermination, ECF No. 192; Def.-Intervenor Nucor Corp.'s Comments on Final Results of Redetermination, ECF No. 193. As Salzgitter has no interest in the issues

remaining to be litigated before the court in this action, <u>AG Dillinger 2023</u> provides "an ultimate disposition" as to Salzgitter's challenge to the <u>Final Determination</u>. <u>See</u> <u>Sears, Roebuck & Co.</u>, 351 U.S. at 436; <u>see also</u> <u>AG Dillinger 2023</u>.

      The entry of a Rule 54(b) partial judgment would serve the interests of the parties and the administration of justice by bringing this issue, and Salzgitter's role in this litigation, to a conclusion. Partial judgment would also give Salzgitter the opportunity to immediately appeal if it so chooses. In consulting with the parties, the Government confirmed that there is no threat of piecemeal judicial review as the resolution of the remaining issue presented by Dillinger does not implicate the final disposition of the challenges raised by Salzgitter. <u>See</u> Conference Call, ECF No. 196 (Oct. 31, 2023). Therefore, the court has no just reason for delay, and will enter partial judgment pursuant to USCIT Rule 54(b). Accordingly, it is hereby

      **ORDERED** that Salzgitter's motion for partial judgment pursuant to USCIT Rule 54(b) is granted.

                                                                 /s/ Leo M. Gordon
                                                      Judge Leo M. Gordon

Dated: November 15, 2023
      New York, New York