## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| AG DER DILLINGER HÜTTENWERKE, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES,<br><br>                    Defendant,<br><br>          and<br><br>NUCOR CORPORATION, *et al.*,<br><br>                    Defendant-Intervenors. |

Before: Hon. Leo M. Gordon

Consol. Court No. 17-00158

### DEFENDANT-INTERVENOR NUCOR CORPORATION'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

Alan H. Price, Esq.
Christopher B. Weld, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

Dated:  November 15, 2023

**Consol. Ct. No. 17-00158**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................1

II.   ARGUMENT .................................................................................................1

III.  CONCLUSION...............................................................................................7

Consol. Ct. No. 17-00158

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bohler Bleche GMBH & Co. KG v. United States*,
    324 F. Supp. 3d 1344 (Ct. Int'l Trade 2018) ................................................................1, 3, 4, 6

*Ford Motor Co. v. United States*,
    34 CIT 1342, 75 F. Supp. 2d 1316 (2010) ................................................................................5

*Fusong Jinlong Wooden Group Co. v. United States*,
    No. 19-00144, slip op. 23-145 (Ct. Int'l Trade Oct. 4, 2023)..................................................6

Consol. Ct. No. 17-00158

## I.     __INTRODUCTION__

On behalf of Defendant-Intervenor Nucor Corporation ("Nucor"), we respectfully submit the following comments in support of the September 7, 2023 remand results issued by the Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand Order in *AG Der Dillinger Hüttenwerke v. United States*, Consol. Ct. No. 17-00158 (Sept. 7, 2023), ECF No. 184 ("Fourth Remand Results"). For the reasons discussed below, Nucor respectfully requests that this Court reject the arguments raised by Plaintiff AG der Dillinger Hüttenwerke ("Dillinger") and sustain the aspects of Commerce's remand determination addressed in Dillinger's comments.[1] Pl. AG der Dillinger Hüttenwerke Comments in Partial Opp'n to the Final Results of Redetermination (Oct. 16, 2023), ECF No. 192 ("Dillinger Comments").

## II.     __ARGUMENT__

On August 18, 2021, this Court issued a Memorandum and Order in which it sustained Commerce's rejection of Dillinger's proposed quality code for sour service pressure vessel plate. Mem. and Order (Aug. 18, 2021), ECF No. 121, at 8 ("Aug. 18 Order"); Fourth Remand Results at 9.  Notwithstanding the Court's prior ruling on this issue, Dillinger now claims that this issue must again be examined as a result of Commerce's remand determination in which the agency accepted a separate quality code for sour service transport plate. Dillinger Comments at 2-9. Specifically, Dillinger asserts that the issues and arguments regarding the inclusion of a separate quality code for sour service pressure vessel plate are analogous to those presented in *Bohler Bleche GMBH & Co. KG v. United States*, 324 F. Supp. 3d 1344 (Ct. Int'l Trade 2018) and that Commerce's acceptance of a quality code for sour service transport plate "fundamentally shifts the

---

[1]     For the reasons explained in Nucor's prior comments, Nucor opposes certain other aspects of Commerce's remand determination. Def.-Intervenor Nucor Corporation's Comments on Final Results of Redetermination Pursuant to Ct. Remand (Oct. 16, 2023), ECF No. 193.

Consol. Ct. No. 17-00158

record of this investigation." Dillinger Comments at 3-4. This argument should be rejected, as it ignores the Court's prior ruling and the important factual distinctions present with respect to this issue.

Dillinger's argument is fundamentally flawed because it fails to address a critical factor distinguishing its arguments regarding sour service pressure vessel plate. While Dillinger raised its argument regarding sour transport plate in its product characteristic comments, it did not raise its argument with regard to sour service pressure vessel plate at that time. Letter from deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from Austria, Belgium, Brazil, France, the Federal Republic of Germany, Italy, Japan, the Republic of Korea, the People's Republic of China, South Africa, Taiwan, and the Republic of Turkey Comments on Proposed List of Product Characteristics* (June 2, 2016) at 2-3, P.R. 107. Nor did Dillinger raise its argument about sour service pressure vessel plate in its initial Section B questionnaire response, when it was presented with the opportunity to propose additional quality codes. Letter from deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Section B Response* (July 15, 2016) at B-13 - B-16, C.R. 77-87, P.R. 194-197 ("Dillinger Section B Questionnaire Response"). Instead, Dillinger waited until its first supplemental questionnaire response to propose, *sua sponte*, this additional quality code. Letter from deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany; AG der Dillinger Hüttenwerke Supplemental Section B & C Response* (Sept. 20, 2016) at 10-12, C.R. 266-267, P.R. 323 ("Supplemental Section B & C Response"). Notably, this occurred more than three months after Dillinger submitted its product characteristics comments and less than seven weeks before the preliminary determination. *Id.*;

Consol. Ct. No. 17-00158

*Certain Carbon and Alloy Steel Cut-to-Length Plate From Austria, Belgium, France, the Federal Republic of Germany, Italy, Japan, the Republic of Korea, the People's Republic of China, and Taiwan*, 81 Fed. Reg. 59,185 (Dep't Commerce Aug. 29, 2016) (postponement of prelim. deter. of antidumping duty investigations), P.R. 277.

 Dillinger's failure to raise this issue in a timely matter is critical, as it significantly truncated the time available to review and consider it. Further, as Commerce noted in its underlying determination, Dillinger's delay in identifying sour service pressure vessel plate as a possible quality code until its supplemental questionnaire, well after the submission of product characteristic comments and Dillinger's sales and cost data, indicates that this quality code was proposed because of the effect it would have on the dumping margin. Issues and Decision Memorandum Accompanying *Certain Carbon and Alloy Steel Cut-to-Length Plate From the Federal Republic of Germany,* 82 Fed. Reg. 16,360 (Dep't Commerce Apr. 4, 2017) (final deter. of sales at less than fair value) at 77 n.236, P.R. 525. Indeed, Dillinger has provided no reason as to why it failed to raise this issue earlier in the proceeding or explain why it would be appropriate for Commerce to consider this issue in light of the late stage of the proceeding in which it was raised. As this Court recognized in sustaining Commerce's rejection of this proposed quality code, Commerce reasonably rejects product characteristics that are not timely made. Aug. 18 Order at 8 (citing *Maverick Tube Corp. v. United States*, 107 F. Supp. 3d 1318, 1330 (Ct. Int'l Trade 2015) and *JTEKT Corp. v. United States*, 37 F. Supp. 3d 1326, 1335-36 (Ct. Int'l Trade 2014)).

 Dillinger attempts to circumvent this issue and the Court's prior determination by relying on *Bohler*. Dillinger Comments at 4. This reliance is misplaced. In *Bohler*, the Court rejected the argument that the plaintiffs' model match challenges were untimely, explaining:

Consol. Ct. No. 17-00158

> {p}laintiffs raised their concerns at every turn. Plaintiffs proposed addition of a GRADE field to account for alloy content was submitted with their questionnaire responses on July 15, 2016, just 35 days after the Department had issued its revised model-match methodology {and} four months prior to the Department's *Preliminary Determination* . . . . Commerce then reviewed Plaintiffs' GRADE-field proposal and sought additional clarifying information on this issue in its September 14, 2016 supplemental questionnaire, which Plaintiff then provided. See Pls. Supp. Questionnaire Resp. Sec. D & E 7. The court will not now entertain the Government's argument that the model-match methodology was a closed issue prior to July 15, 2016.

*Bohler*, 324 F. Supp. 3d at 1352. In contrast, here, Dillinger not only failed to raise this issue in its product characteristic comments, but again failed to raise it in its initial questionnaire response. This is a fundamental difference between the two proceedings. Dillinger's attempt to expand *Bohler* to permit parties to raise product characteristic arguments at any point in a proceeding should be rejected. Moreover, the Court in *Bohler* found that, in *that* case, the "interests in fairness and accuracy outweigh{ed} the burden upon Commerce" even if the comments had been untimely. *Id.* (quoting *Grobest & I-Mei Indus. (Vietnam) Co. v. United States,* 36 CIT 98, 125, 815 F. Supp. 2d 1342, 1367 (2012)). But, here, the weighing of these factors is significantly different. Again, in *Bohler*, the respondent had raised the issue "at every turn," while, here, Dillinger chose not to raise this issue in its product characteristics comments, chose again not to raise this issue in its initial questionnaire response, and instead raised it for the first time in a supplemental response less than seven weeks before the preliminary determination.

Further, unlike in *Bohler*, Dillinger provided only minimal explanation and support for its proposed quality code. As the Court in *Bohler* explained, during the underlying investigation, the respondent in that proceeding provided an analysis of cost and price differences and demonstrated that these were a result of the characteristic at issue. *Id.* at 1350-52. Here, in contrast, Dillinger provided minimal information and conclusory statements in support of its proposed quality code. *See* Supplemental Section B & C Response at 12.

Dillinger also asserts that it was never afforded an opportunity to comment on "the impact" of having "one quality code for all pressure vessel steels . . . ." Dillinger Comments at 6. This, however, is incorrect. As Dillinger recognizes, Nucor proposed including all pressure vessel steels under two quality codes (one for alloy and one for non-alloy) in its comments on the product characteristics, which Dillinger had the opportunity to—and, in fact did—respond to. *Id.*; Letter from deKieffer & Horgan, PLLC, to Sec'y Commerce, re: *Certain Carbon and Alloy Steel Cut-To-Length Plate from Austria, Belgium, Brazil, France, the Federal Republic of Germany, Italy, Japan, the Republic of Korea, the People's Republic of China, South Africa, Taiwan, and the Republic of Turkey Product Matching Criteria Rebuttal Comments* (June 8, 2016) at 2-3, P.R. 116. Additionally, Dillinger had the opportunity to—and, again, did—propose additional quality codes in providing its initial questionnaire response. Dillinger Section B Questionnaire Response at B-13 - B-16. Thus, it was not that Dillinger did not have the ability to present the argument; to the contrary, Dillinger had multiple opportunities to raise this issue and present any relevant information and analysis.

Finally, Dillinger attempts to ignore the Court's prior determination on this issue, arguing that the Court may reconsider its earlier determination pursuant to Rule 54(b) of the Rules of this Court. As this Court has explained, reconsideration is a tool "to correct a significant flaw in the original judgment, but is not a mechanism to 'allow a losing party the chance to repeat arguments or to relitigate issues previously before the court.'" *Ford Motor Co. v. United States*, 34 CIT 1342, 1343, 75 F. Supp. 2d 1316, 1317 (2010) (quoting *Peerless Clothing Int'l, Inc. v. United States*, 33 CIT 1117, 1120, 637 F. Supp. 2d 1253, 1256 (2009)). Dillinger has failed to demonstrate that reconsideration is appropriate here. Indeed, Dillinger has not identified any error in the Court's

Consol. Ct. No. 17-00158

determination. Instead, Dillinger seeks to relitigate the conclusion that Commerce's rejection of a separate quality code for sour service pressure vessel plate was reasonable.

Dillinger's reliance on *Fusong Jinlong Wooden Group Co. v. United States* is likewise misplaced. Dillinger Comments at 8. In that case, the Court found a particular aspect of Commerce's determination to be contrary to law and consequently remanded to the agency. *See Fusong Jinlong Wooden Grp. v. United States*, No. 19-00144, slip op. 23-145 (Ct. Int'l Trade Oct. 4, 2023). However, before any remand determination was issued, the Defendant filed a motion for reconsideration. *Id.* Upon consideration of this motion, the Court agreed that Commerce's methodology was, in fact, permitted by law and thus vacated this aspect of its prior determination. *Id.* Accordingly, contrary to Dillinger's claim otherwise, the Court in *Fusong* did not reconsider its prior determination as a result of Commerce's remand determination. Nor has Dillinger identified any case where the Court has done so. Dillinger Comments at 8-9.

In short, contrary to Dillinger's arguments otherwise, the facts surrounding its arguments about sour service pressure vessel plate distinguish the issue from both its argument regarding sour service transport plate and the issue present in *Bohler*. In light of these differences, and given the Court's prior determination on this issue, Dillinger has presented no grounds for the Court to reconsider, much less reverse, its prior determination that Commerce's rejection of this proposed quality code was reasonable.

Consol. Ct. No. 17-00158

III.     **<u>CONCLUSION</u>**

Consequently, for the reasons contained herein, Nucor respectfully requests that the Court

reject Dillinger's arguments and sustain the aspects of Commerce's determination challenged by

the plaintiff.

Respectfully submitted,

<u>*/s/ Alan H. Price*</u>
Alan H. Price, Esq.
Christopher B. Weld, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

Dated:  November 15, 2023

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments complies with the word limitation requirement. The word count for Defendant-Intervenor Nucor Corporation's Comments on Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 1,939 words.

_/s/ Alan H. Price_
(Signature of Attorney)

Alan H. Price
(Name of Attorney)

Nucor Corporation
(Representative Of)

November 15, 2023
(Date)