**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

AG DER DILLINGER HÜTTENWERKE,
*et al.*,

                    **Plaintiffs,**

        **v.**

UNITED STATES,

                    **Defendant,**

          **and**

NUCOR CORPORATION, *et al.*,

                  **Defendant-Intervenors.**

</td></tr>
</table>

Before: Hon. Leo M. Gordon

Consol. Court No. 17-00158

**DEFENDANT-INTERVENOR NUCOR CORPORATION'S
COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

On behalf of Defendant-Intervenor Nucor Corporation ("Nucor"), we respectfully submit the following comments in support of the March 5, 2026 remand results issued by the Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand Order in *AG Der Dillinger Hüttenwerke v. United States*, Consol. Ct. No. 17-00158 (Mar. 5, 2026), ECF No. 231 ("Fifth Remand Results"). For the reasons provided herein, Nucor respectfully requests that the Court sustain Commerce's remand determination with regard to the calculation of the dumping margin for AG der Dillinger Hüttenwerke ("Dillinger") and the all-others rate.

In its remand determination, Commerce has complied with the Court's remand order, which directed the agency to issue remand results consistent with the determination of the U.S. Court of Appeals for the Federal Circuit in *AG der Dillinger Hüttenwerke v. United States*, 156 F. 4th 1314 (Fed. Cir. 2025) (*Dillinger VI*). Order, ECF No. 224. To so do, Commerce revised its

calculation of Dillinger's cost of production of non-prime cut-to-length plate based on the total cost of manufacturing for certain prime cut-to-length plate. *See* Fifth Remand Results at 2. Specifically, Commerce relied on, as facts available, the total cost of manufacturing of Dillinger's lowest cost control number to calculate the cost of production for non-prime cut-to-length plate. *See id.* at 4, 6-7. Commerce then allocated the resulting difference between the reported and recalculated cost of producing non-prime cut-to-length plate to the cost to produce prime cut-to-length plate. *See id.* at 7.

As Commerce explained, this approach is consistent with *Dillinger VI* because it uses a cost that "reasonably reflects the actual {cost of production} of non-prime" cut-to-length plate and "is an actual cost of producing merchandise under consideration that Dillinger experienced during the POI." *Id.* at 11. Additionally, no party has opposed these remand results. *See* Pl. Comments on Final Results of Redetermination (Apr. 16, 2026), ECF No. 235 ("Dillinger does not oppose Commerce's final results of redetermination.").

Accordingly, Nucor respectfully requests that the Court sustain Commerce's remand determination.

Respectfully submitted,

*/s/ Alan H. Price*
Alan H. Price, Esq.
Christopher B. Weld, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

Dated:  May 18, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1) and the Court's Scheduling Order of March 18, 2026, ECF No. 233, the undersigned certifies that these comments comply with the word limitation requirement. The word count for these Comments in Support of Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 332 words.

*/s/ Alan H. Price*
(Signature of Attorney)

Alan H. Price
(Name of Attorney)

Nucor Corporation
(Representative Of)

May 18, 2026
(Date)